

United States Department of State

*Washington, D.C. 20520*

October 15, 2018

The Honorable Judge Anne M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11210
Fax: (718)-613-2226

RE: <u>Saada v. Golan</u>
Docket Number: 18-cv-5292

Dear Judge Donnelly:

    It has come to our attention that you may currently have a case in your court which has been brought pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction (Convention). As the U.S. Central Authority for the Convention, our office helps facilitate the institution of judicial proceedings brought under the Convention. To that end, the following is an explanation of our role, as well as highlights of some of the Convention's key provisions. If you are already knowledgeable about the Convention, we thank you for your prompt attention and remain open to answer any questions that may arise.

    The Convention entered into force between the United States and Italy on May 1, 1995. The International Child Abduction Remedies Act, 42 U.S.C. § 11601-11610 (1988) (ICARA) implemented the Convention in the United States.[1] The U.S. Department of State, Office of Children's Issues, performs the functions of the Central Authority for the United States under the Convention.[2] The case before you was initiated as the result of a request to the U.S. Central Authority from the Central Authority of Italy for the return of Bradley Amos Saada to Italy under the Convention.

    We would like to highlight the efforts of the Permanent Bureau of the Hague Conference on Private International Law (Hague Permanent Bureau)[3] to encourage direct judicial communications in international family law matters. The Hague Permanent Bureau has formed a group of judges called the International Hague Network of Judges (Network), comprised of approximately 125 different judges from 85 jurisdictions, who are experts in the Convention and other international family law issues. The role of a Network Judge is to help facilitate direct

---

[1] U.S. Department of State regulations implementing the Convention and ICARA can be found at 22 C.F.R Part 94. The Convention is available at 51 Fed. Reg. 10503 (1986), and is a treaty of the United States within the meaning of Article II and VI of the U.S. Constitution.

[2] The U.S. Department of State, Office of Children's Issues, acts as the U.S. Central Authority for the Convention pursuant to the authority granted by Executive Order 12648 and 22 C.F.R § 94.2. The Central Authority carries out the functions ascribed to it in Article 7. See also fn 3.

[3] The Hague Permanent Bureau monitors and reviews the operation of the Convention, and promotes its effective implementation in States Parties. The Hague Permanent Bureau performs these functions on behalf of Member States of the Hague Conference and States Parties to the Convention.

judicial communications by serving as a link between his/her colleagues at the domestic level and other members of the Network at the international level. A Network Judge also serves as a resource for his/her judicial colleagues domestically. The United States currently has four U.S. judges serving on the Network; three state court judges and one federal court judge.

If you would like to speak with one of the four U.S. Network Judges regarding a case, a potential direct judicial communication, or other general Convention principles, please do not hesitate to contact our office by sending an e-mail to JudgesNetwork@state.gov, or by contacting Shannon Hines at Hinesso@state.gov.

The following is a short summary highlighting some important articles of the Convention for those judges who have yet to hear a Convention case:

- **Article 11:** Requires contracting states to "act expeditiously in proceedings for the return of children." [4] The U.S. Supreme Court has instructed, "[a]t both the district and appellate court level, courts should take steps to decide these cases as expeditiously as possible.[5]

- **Article 12:** Directs that when a child has been wrongfully removed or retained, the Contracting State shall order the prompt return of a child to his/her country of habitual residence if less than a year has elapsed between the alleged wrongful removal or retention and the commencement of the proceeding, unless one of the limited exceptions in the Convention applies. However, courts retain discretion to order return even if a defense is established. [6]

- **Article 16:** Requires the court to refrain from making substantive custody decisions pending resolution of a Convention case.

- **Article 17:** Directs that a custody order is not dispositive in determining the appropriateness of a remedy of return.

- **Article 19:** Directs that a return order is not a substantive determination of custody.

Please find below internet links to the primary source material for the Convention:

1) The text of the Convention and the Department of State's legal analysis of the Hague Convention published in the Federal Register on March 26, 1986 (Vol. 51, No. 58), at http://travel.state.gov/content/dam/childabduction/Legal_Analysis_of_the_Convention.pdf;

---

[4] In particular, Article 11 provides that Central Authorities may inquire about delays in proceedings where judicial authorities have not reached a decision within six weeks of the initiation of the proceedings.
[5] *Chafin v. Chafin*, 133 S.Ct. 1017, 1020 (2013).
[6] Even when a return petition is filed a year or more after a child's wrongful removal or retention, Article 12 requires return "unless it is demonstrated that the child is now settled in its new environment." Articles 13 and 20 articulate other exceptions to the return obligation.

2) The U.S. implementing legislation for the Convention (ICARA), at http://travel.state.gov/content/dam/childabduction/International_Child_Abduction_Remedies_Act.pdf;

3) The official explanatory report of the Convention done by Elias Perez-Vera, at http://hcch.e-vision.nl/upload/expl28.pdf. The Perez-Vera report is recognized by the Hague Conference on Private International Law as the official history and commentary on the Convention and is a source of background on the meaning of its provisions.

Please note that this letter should not be construed by the court as constituting an opinion of the United States or the Department of State regarding the merits of the case. Our purpose is solely to apprise you of the Convention and of the request before you pursuant thereto, and to request expeditious consideration as required by Article 11 of the Convention. Should you have any questions or need additional information, please do not hesitate to contact Shannon Hines, Attorney Adviser, at Hinesso@state.gov.

Sincerely,

Elena Corona
Division Chief – Prevention, ICAPRA, Europe
Office of Children's Issues

*Counsel for Petitioner*
CC:    Robert D. Arenstein