FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  JUL 29 2019  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

ISACCO JACKY SAADA,

               Petitioner,

    - against -

NARKIS ALIZA GOLAN,

               Respondent.

------------------------------------------------------------------ X

**ORDER**

18-CV-5292 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

On July 19, 2019, the United States Court of Appeals for the Second Circuit issued an opinion affirming in part, and vacating and remanding in part, this Court's March 22, 2019 order regarding the repatriation of B.A.S. to Italy. The Second Circuit directed me to "consider whether there exist alternative ameliorative measures that are either enforceable by the District Court or supported by other sufficient guarantees of performance." *Saada v. Golan*, No. 19-cv-820, 2019 WL 3242029, at *6 (2d Cir. July 19, 2019).

Accordingly, I held a status conference on July 25, 2019, to determine the extent to which any of the ameliorative measures outlined in my order could be put into place before B.A.S. returns to Italy. In addition, I explored with the parties whether there were additional measures, including those suggested in the Second Circuit's opinion, that would ameliorate the risk of grave harm to B.A.S. upon his repatriation.

**IT IS THEREFORE ORDERED** that by August 1, 2019, the parties must inform the Court about the status of, and identify the steps they have taken to achieve, various measures.

      1.    As the Second Circuit observed, the respondent has not sought relief in the Italian courts. At the status conference, the petitioner represented that he would stipulate to an

order of protection that would require him to stay away from the respondent and B.A.S. during the pendency of the Italian custody proceeding. The respondent must take the necessary steps to secure the protective order before August 10, 2019, and inform the Court after she does so.

2.     The petitioner represented that at his request, the Italian prosecutor dropped the criminal charges that had been pending against the respondent; the parties await the Italian court's dismissal of the charges. The parties are to inform the Court when the case is dismissed.

3.     The petitioner represented that he submitted a full record of this Court's proceedings, including trial transcripts, court filings, exhibits, undertakings, expert reports, and decisions, to the Italian court presiding over the custody proceeding. According to the respondent, the record has not been translated from English to Italian. The petitioner agreed that he likely can bear the cost of translation. The parties must determine whether the Italian courts require a translation of the entire record with all exhibits, or portions of the record, and inform the Court.

4.     One of the conditions is that the petitioner assist the respondent in obtaining legal status and a work permit in Italy. The petitioner provided the respondent with a sworn declaration stating that he will assist her in securing legal status. The respondent's attorney, *pro bono* counsel from Paul Weiss, represent that they cannot secure continuing representation for the respondent in Italy. The petitioner represented to the Court that he would find an Italian attorney and pay all legal fees. The Court is confident that *pro bono* counsel, who secured Italian experts for the trial and arranged for them to testify by satellite with the apparent assistance of lawyers in Italy, also could assist in this process. The respondent must inform the Court of progress made on her application for legal status in Italy and for a work permit.

5.    The petitioner must submit a cognitive behavioral therapy schedule and provide a plan for demonstrating regular attendance and compliance with treatment, as well as proof that he has attended treatment.

6.    The parties must identify medical, educational, and therapeutic services available in Italy to diagnose and treat a child with special needs.

7.    The parties must specify the dollar amount necessary to facilitate the respondent's and the child's return to Italy. The Court directs the parties to provide a joint proposal to the Court, and otherwise provide an update on these discussions.

8.    If either party seeks additional measures, they are to advise the Court.

**SO ORDERED.**

s/Ann M. Donnelly

_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      July 29, 2019