FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 2 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
ISACCO JACKY SAADA,

              Petitioner,

    - against –

NARKIS ALIZA GOLAN,

              Respondent.
------------------------------------------------------------ X

**ORDER**

18-CV-05292 (AMD) (SMG)

**ANN M. DONNELLY,** United States District Judge:

In its July 19, 2019 order, the United States Court of Appeals for the Second Circuit directed this Court to consider the ameliorative measures available and enforceable to support B.A.S.'s safe repatriation to Italy. *Saada v. Golan*, No. 19-cv-820, 2019 WL 3242029, at *6 (2d Cir. July 19, 2019). The Second Circuit suggested, among other measures, that the Court "use its broad equitable discretion to request the aid of the United States Department of State, which can communicate directly with the government of Italy to ascertain whether it is willing and able to enforce certain protective measures." *Id.* (internal quotations, alteration, and citation omitted).

Consistent with that suggestion, the Court contacted a representative of the State Department and was advised that there is an International Judges Network designated to deal with and provide advice on cases arising under the Hague Convention. (ECF No. 17.) The Honorable Peter J. Messitte, a Senior United States District Judge for the District of Maryland, is a United States Network Judge of the International Hague Network of Judges, and has extensive experience in these matters.

There is a protocol in place governing communication between and among judges from countries that are signatories to the Hague Convention.[1] Judge Messitte has confirmed that there are two Italian Network Judges – the Honorable Daniela Bacchetta and the Honorable Gabriella Tomai – charged with assisting in Hague Convention cases involving Italian citizens.

Judge Messitte has communicated with these judges and will send them the Second Circuit's July 19, 2019 order and my July 29, 2019 order concerning ameliorative measures. Judge Messitte will also provide the Italian judges with information about any Italian legal proceedings concerning this matter. These communications are consistent with the protocol for Hague Convention cases. "The role of the Hague Network Judge is to receive and, where necessary, channel incoming judicial communications and initiate or facilitate outgoing communications." *Id.* at 12.

The respondent suggests in her letter of August 1, 2019 that a "reframing of the parties' obligations" may be in order. (ECF No. 70 at 1.) The Italian Network Judges, consistent with the protocol and the Second Circuit's guidance, will assist the Court in that regard. The protocol provides that direct judicial communications may include the following subjects:

> (a) scheduling the case in the foreign jurisdiction: (i) to make interim orders, *e.g.*, support, measure of protection; (ii) to ensure the availability of expedited hearings; (b) establishing whether protective measures are available for the child or other parent in the State to which the child would be returned and, in an appropriate case, ensuring the available protective measures are in place in that State before a return is ordered; (c) ascertaining whether the foreign court can accept and enforce undertakings offered by the parties in the initiating jurisdiction; (d) ascertaining whether the foreign court

---

[1] *See generally* HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, DIRECT JUDICIAL COMMUNICATIONS: EMERGING GUIDANCE REGARDING THE DEVELOPMENT OF THE INTERNATIONAL HAGUE NETWORK OF JUDGES AND GENERAL PRINCIPLES FOR JUDICIAL COMMUNICATIONS, INCLUDING COMMONLY ACCEPTED SAFEGUARDS FOR DIRECT JUDICIAL COMMUNICATIONS IN SPECIFIC CASES, WITHIN THE CONTEXT OF THE INTERNATIONAL HAGUE NETWORK OF JUDGES (2013), https://assets.hcch.net/docs/62d073ca-eda0-494e-af66-2ddd368b7379.pdf.

2

> can issue a mirror order (*i.e.*, same order in both jurisdictions); (e) confirming whether orders were made by the foreign court; (f) verifying whether findings about domestic violence were made by the foreign court; (g) verifying whether a transfer of jurisdiction is appropriate.

HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, *supra* note 1, at 12.

The Italian Network Judges will review the information and advise the Court whether those ameliorative measures specifically designed to assure B.A.S.'s safety could be implemented, monitored, and respected in Italian courts. Pursuant to the protocol, the Court will advise the parties of the Italian Network Judges' recommendations.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       August 2, 2019