PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS  NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3497

WRITER'S DIRECT FACSIMILE
(212) 492-0497

WRITER'S DIRECT E-MAIL ADDRESS
dlevi@paulweiss.com

May 11, 2020

**By ECF**

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Saada* v. *Golan*, No. 18-CV-05292 (AMD)

Dear Judge Donnelly:

We write on behalf of Respondent Narkis Golan to respectfully request an extension of the thirty-day stay of judgment ordered by the Court so that it lasts until the Second Circuit resolves Ms. Golan's forthcoming appeal. Issuing such a stay would be consistent with the Court's prior rulings—after its March 22, 2019 Order granting Mr. Saada's petition, the Court stayed its Order pending appeal. We ask the Court to do the same now.

In its May 5, 2020 Memorandum Decision and Order, the Court stated that its "order is stayed for thirty days to allow the parties time to resolve the method of B.A.S.'s return, and for the respondent to seek and obtain a decision on an expedited appeal." (ECF No. 108.)

Ms. Golan intends to file a notice of appeal imminently. Ms. Golan will seek an expedited appeal and will request a briefing schedule that, if accepted by the Second Circuit, would result in the appeal being fully briefed by June 29, 2020.[1] Mr. Saada's counsel has informed us that he takes no position on, and does not object to, the proposed briefing schedule.

---

[1] Ms. Golan's opening brief would be due May 29, 2020, Mr. Saada's brief in opposition would be due June 19, 2020, and Ms. Golan's reply brief would be due June 29, 2020.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Ann M. Donnelly      2

The Court has already found that B.A.S. would be subject to grave risk of harm upon repatriation to Italy. Given the Court's holding that return is made safe only because of certain ameliorative measures, a stay pending resolution of the appeal is necessary to prevent B.A.S. from being repatriated before the Second Circuit has an opportunity to review whether the ameliorative measures imposed are sufficiently enforceable and will adequately safeguard him from grave risk of harm.

The traditional stay factors support issuance of a stay. B.A.S.'s return to Italy prior to the resolution of the appeal would cause Ms. Golan irreparable injury, whereas a delay—which, given the current thirty-day stay and Ms. Golan's proposed briefing schedule, will likely be less than sixty days—would not cause substantial injury to Mr. Saada. The appeal, at a minimum, raises legitimate appellate issues, and the public interest in children's safety and stability pending final resolution of these issues weighs in favor of a stay.

A stay pending appeal would be warranted under ordinary circumstances. But it is especially appropriate here for practical reasons:

*First*, because of the COVID-19 pandemic, international travel is dangerous. On March 31, 2020, the United States Department of State ("State Department") issued a Global Level 4 Health Advisory, which advises U.S. citizens to avoid *all* international travel.[2] And Italy has been one of the countries hit hardest by the pandemic. Indeed, prior to issuing the aforementioned global travel guidance, the State Department highlighted the Lombardy region of Italy, of which Milan is the capital, as being particularly dangerous because of the level of transmission of the virus.[3] Being confined in close quarters on a lengthy transatlantic flight is simply unsafe.

*Second*, neither Ms. Golan nor B.A.S. currently has a passport and, for that reason, cannot travel internationally. Ms. Golan applied for renewal of these passports in March but has not yet received new ones. On May 1, 2020, the State Department issued guidance indicating that, because of the COVID-19 pandemic, U.S. passport renewals would likely be delayed by several months.[4] Because of such delays, it is unlikely that Ms. Golan will have her new passport by June 4, 2020 (when the thirty-day stay is set to expire).[5] Thus, as a practical matter, Ms. Golan and B.A.S. are unlikely to be able to travel to Italy prior to the resolution of the appeal.

---

[2] *See* https://travel.state.gov/content/travel/en/traveladvisories/ea/travel-advisory-alert-global-level-4-health-advisory-issue.html.

[3] *See* https://it.usembassy.gov/covid-19-information/.

[4] *See* https://travel.state.gov/content/travel/en/traveladvisories/ea/passport-covid-19.html.

[5] Likewise, Ms. Golan has not yet heard from the Italian consulate that B.A.S.'s new passport is ready.


PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Ann M. Donnelly											3

        For the foregoing reasons, Ms. Golan respectfully requests that the Court extend the stay of judgment such that it lasts until the Second Circuit resolves Ms. Golan's forthcoming appeal.  We are available at the Court's convenience, if necessary, to discuss this issue further.

        Respectfully,

        */s/ Daniel H. Levi*

        Daniel H. Levi

cc:    All counsel of record, via ECF