UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                               :
**ISACCO JACKY SAADA,**                                        :
                                                               :
                              Petitioner,                      :
                                                               :   **MEMORANDUM AND ORDER**
            – against –                                        :   18-CV-5292 (AMD) (RML)
                                                               :
**NARKIS ALIZA GOLAN**,                                        :
                                                               :
                              Respondent.                      :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On September 20, 2018, the petitioner, Isacco Jacky Saada, brought this case against the

respondent, Narkis Aliza Golan, pursuant to the Hague Convention on the Civil Aspects of

International Child Abduction, as implemented by the International Child Abduction Remedies

Act, 22 U.S.C. §§ 9001-9011.  After the Second Circuit Court of Appeals affirmed my May 5,

2020 decision granting the petition and directing the respondent to return the couple's son,

B.A.S., to Italy, the respondent filed a petition for a writ of *certiorari*, which is currently pending

before the United States Supreme Court.[1]  On April 21, 2021, the Court of Appeals granted the

respondent's motion for a stay pending the Supreme Court's decision on the petition, or, if the

petition is granted, the Supreme Court's decision (ECF No. 134).  The petitioner, who has not

seen B.A.S. for a year and a half, now seeks an indicative ruling, pursuant to Rule 62.1 of the

Federal Rules of Civil Procedure, on his motion for unsupervised overnight visitation with

---

[1] The respondent also appealed my March 29, 2021 decision denying her motion to set aside the judgment
pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (ECF No. 132.)  That appeal is pending
before the Court of Appeals.

B.A.S. during his upcoming trip to New York.  (ECF No. 138.)  For the reasons discussed below, the petitioner's motion is denied.

## DISCUSSION[2]

Rule 62.1(a) of the Federal Rules of Civil Procedure provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

The petitioner moves for unsupervised overnight access to B.A.S. during his visit to New York in August and September of 2021, arguing that he does not pose a threat to B.A.S., that the costs of supervision are high, that he has not seen his son for approximately a year and a half, and that unsupervised visitation will not conflict with any other order in effect.[3]  (ECF No. 138.) The parties represent that they have tried to negotiate a resolution, but have not been able to resolve their differences, apparently because each wanted to condition the visitation issue on unrelated matters, including child support and whether or not the petitioner will grant the respondent a *get*.[4]

I am sympathetic to the petitioner's desire to spend time with his son after more than a year apart.  Nevertheless, the Italian court—the court of B.A.S.'s country of habitual residence— is best suited to determine the parameters of visitation, and that court has directed that any

---

[2] Familiarity with the facts is assumed.

[3] Specifically, the petitioner requests "unsupervised, overnight visits each week beginning August 6, 2021, from Friday 9:00 a.m. pickup to Monday 7:00 p.m. drop off, and from Wednesday 9:00 a.m. pickup to Thursday 7:00 p.m. drop off."  (ECF No. 138 at 5.)

[4] As explained in earlier orders, the grave risk determination was based on B.A.S.'s exposure to the petitioner's acts of violence against the respondent.  There was no evidence that the petitioner was ever violent to B.A.S.

visitation be supervised upon B.A.S.'s return to Italy.  (ECF No. 138-2 at 10.)  Since the Italian court considers supervised visitation to be appropriate, I defer to its determination.  Therefore, I deny the petitioner's motion for unsupervised overnight visitation.

The petitioner may seek modification of the Italian court's order to revise the visitation protocol and, if successful, renew his request.  Further, the parties are encouraged to work together for B.A.S.'s benefit, and agree to a visitation schedule that would allow the petitioner ample time with the child.

## CONCLUSION

For these reasons, the petitioner's motion for unsupervised visitation is denied.  No indicative ruling will be issued.


**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
       July 29, 2021

3