# GREEN KAMINER MIN & ROCKMORE LLP

420 Lexington Ave., Ste 2821  
New York, New York 10170  
T.212.681.6400

600 Old Country Rd., Ste. 410  
Garden City, New York 11530  
T. 516.858.2115

July 1, 2022

<u>Via ECF</u>

Honorable Ann M. Donnelly  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York

    Re:    *Saada v. Golan*  
                <u>Case No. 18-CV-05292</u>

Dear Judge Donnelly:

    We represent Petitioner Isacco Jacky Saada in this above referenced proceeding. Pursuant to the recent U.S. Supreme Court decision (attached hereto as an Exhibit) remanding this matter back to this Court for further proceedings, we submit this letter to discuss Petitioner's position with respect to any next steps.

    It is our position that the Court should act as expeditiously as possible and order the immediate return of B.A.S. back to Italy. We do not believe that further briefing is necessary as the Supreme Court noted that this Court "has ample evidence before it from prior proceedings and has made extensive factual findings concerning the risks at issue." *Golan v. Saada*, 142 S. Ct. 1880 at *16 (2022). This Court previously found that the measures put in place in Italy were sufficient to protect the child and that is not still the case today. Since the Court's last decision, the Italian court has even assigned B.A.S. his own separate attorney who submitted a statement in May 2022 that he would be able to represent the Child's best interests once returned to Italy. The Italian court has scheduled the next hearing for October 12, 2022.

    The Supreme Court has specifically directed this Court to "determine whether the measures in question are adequate to order return in light of its factual findings concerning the risk to B.A.S." (*id*.) and this Court has already twice determined that return was appropriate and the current measures adequate. The Supreme Court further directed this Court to "move as expeditiously as possible to reach a final decision without further unnecessary delay" (*id*.) noting that "the Convention requires courts to resolve return petition 'us[ing] the most expeditious procedures available.'" *Id*. at *14.

    The Supreme Court stated that expeditious resolution "will help minimize the extent to which uncertainty adds to the challenges confronting both parents and child.'" *Id*. In addition to the upcoming court appearance in Italy scheduled for October, B.A.S. would be scheduled to start school

*Website: www.gkmrlaw.com • Email: info@gkmrlaw.com*

in the Fall and it would be in his best interests, if returned to Italy, to be returned with ample time to get situated before the start of school.

      Based on the history of this case, even if this Court were to direct the return of B.A.S. to Italy for the third time, Respondent will appeal the return order. Therefore, in order to resolve this matter so that it eliminates the uncertainty for the child and both his parents, it is respectfully requested that this Court issue an immediate order for B.A.S.'s return to Italy forthwith, or, in the alternative, direct the parties to an expedited briefing schedule or telephone conference.[1]

      Respectfully Submitted,

      Richard Min, Esq.

cc: All counsel of record (via ECF)

---

[1] If the Court requires further briefing, we would request a one-week deadline for simultaneous initial briefs and a subsequent additional week for simultaneous reply briefs.