# GREEN KAMINER MIN & ROCKMORE LLP

420 Lexington Ave., Ste 2821  
New York, New York 10170  
T. 212.681.6400

600 Old Country Rd., Ste. 410  
Garden City, New York 11530  
T. 516.858.2115

July 25, 2022

**Via ECF**

Honorable Ann M. Donnelly  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York

     Re:    *Saada v. Golan*  
              Case No. 18-CV-05292

Dear Judge Donnelly:

     While relevant to future Hague Convention cases, the Supreme Court's decision does not fundamentally impact this case. The Supreme Court decision does not disturb this Court's findings acknowledging that it "has made extensive factual findings... ." *Golan v. Saada*, 142 S. Ct. 1880, 1896 (2022). Moreover, the Supreme Court did not ask this Court to undo any of the prior ameliorative measures put in place. In fact, this Court does not need to direct any further action on the part of the parties other than the payment of money from Mr. Saada to Ms. Golan. The circumstances before the Court are nearly identical[1] to those on March 29, 2021, when the Court last stated that "the petition is granted and B.A.S. must be returned to Italy." *Saada v. Golan*, 2021 WL 1176372, at *8 (E.D.N.Y. 2021), *aff'd*, 2021 WL 4824129 (2d Cir. Oct. 18, 2021) (*Saada V*) [ECF No. 130]. The record as it stands today has already led the Court to make all the findings necessary to support returning B.A.S. to Italy once again.

    I.    This Court's Task and Relevant Prior Findings

     The Supreme Court tasked this Court with ". . . determin[ing] whether the measures in question are adequate to order return in light of its factual findings concerning the risk to B. A. S., bearing in mind that the Convention sets as a primary goal the safety of the child." *Golan v. Saada*, 142 S. Ct. 1880, 1896 (2022). To this point, the Supreme Court specifically stated that this Court "has ample evidence before it from the prior proceedings and has made extensive factual findings concerning the risks at issue." *Golan*, 142 S. Ct. at 1896.

     The record and previous findings of the Court make clear that the measures in place are adequate to return B.A.S. to Italy safely. This Court has already found that ". . . the proposed

---

[1] Since then, an attorney has been appointed for B.A.S. in the pending Italian custody proceeding, providing yet more protection for the Child.

measures are sufficient to ameliorate the grave risk of harm to B.A.S. upon his return to Italy." *Saada v. Golan*, 2020 WL 2128867, at *3 (E.D.N.Y.2020) (*Saada III*). [ECF No. 108]. The Second Circuit affirmed this order, stating that "the district court correctly concluded that there existed sufficiently guaranteed ameliorative measures that would remedy the grave risk of harm to B.A.S. upon his return to Italy." *Saada v. Golan*, 833 F. App'x 829, 834 (2d Cir. 2020) (*Saada IV*).[2]

This Court is keenly aware of the Italian court order (the "Italian Order") issued on December 12, 2019[3] [ECF No. 96-1] which is still in place and provides for protection of the Child including an order of protection. This order was the basis for the Court's finding that the Italian court ". . . issued a comprehensive order imposing various measures to facilitate B.A.S.'s Italian repatriation. (ECF No. 96-1.)" *Saada III* at *3. With that order in place, this Court concluded that it was ". . . confident that the Italian courts are willing and able to resolve the parties' multiple disputes, address the family's history and ensure B.A.S.'s safety and well-being" *Id.* at *1 and that "[t]he Italian courts are willing and able to enforce the conditions necessary to protect B.A.S. in Italy." *Id*. at *3. Further, the Court found that the order of protection put in place by the Italian court "is sufficient to ameliorate the grave risk of harm resulting from his parents' violent relationship." Id. at *4. The Court concluded that the "Italian court will protect B.A.S." *Id*.

The only measure that remains to be ordered consistent with the Court's May 5, 2020 decision would be a $150,000[4] payment to Ms. Golan. *Saada III* at *5. The Court has already found that ". . . $150,000.00 will ensure B.A.S.'s safe and comfortable return to Italy, as well as the respondent's financial independence from the petitioner and his family" and that this ". . . money should alleviate the respondent's asserted concerns about her vulnerability as a non-citizen with limited Italian language skills (ECF No. 103 at 10), which are in any event somewhat overblown." *Id*. This payment can be remitted promptly, avoiding any concern regarding further delay.

II. The Court Should Exercise Its Discretion
<u>To Consider The Ameliorative Measures Already In Place</u>

The Supreme Court was clear that "[w]hile a district court has no obligation under the Convention to consider ameliorative measures that have not been raised by the parties, it ordinarily should address ameliorative measures raised by the parties or obviously suggested by the circumstances of the case. . ." *Golan*, 142 S. Ct. at 1893. The instant case is far past the stage of litigation where proposed ameliorative measures are even a necessary consideration for this Court. The necessary ameliorative measures have already been raised, directed by this court, and instituted by the Italian authorities. As stated earlier, this Court is simply tasked with "determin[ing] whether the measures in question are adequate" and not tasked with undoing any of the past actions ("[t]he delay that has already occurred, however, cannot be undone." *Golan*, 142 S. Ct. at. 1895. The Supreme Court remanded simply because they did not "know whether the District Court would have

---

[2] These orders have been vacated as a result of the Supreme Court decision but the findings made as part of the orders are still relevant.
[3] The order of protection was issued on December 12, 2019 and registered with the court clerk on December 17, 2019.
[4] Mr. Saada believes this amount to be excessive and unnecessary for the safety of B.A.S. however will comply with any monetary payment directed by the Court.

exercised its discretion to order B. A. S.' return absent the Second Circuit's rule, which improperly weighted the scales in favor of return." *Id. at* 1895. This Court has already expressed a reticence to "undo months of intercession and the implementation of protections by the Italian courts, as well as undertakings between the parties." *Saada V*, 2021 WL 1176372, at *5. It should exercise its discretion to order the return of the Child given the finding that it can be done so safely.

The Supreme Court set out parameters for the issuance of ameliorative measures. Though not necessary for this inquiry, as the measures have already been implemented and thus do not require any further directive from this Court, the measures that were previously at issue all fall squarely within the parameters.

"First, any consideration of ameliorative measures must prioritize the child's physical and psychological safety." *Golan*, 142 S. Ct. at 1893–94. This Court has already made extensive findings regarding B.A.S.'s safety when returned to Italy and found that B.A.S. could be safely returned due to the Italian court and undertakings by the parties as discussed above. Notably, the Court has found that "[t]here is no evidence in the record that the petitioner was abusive to B.A.S. or that B.A.S. would be unsafe with the petitioner. In fact, the respondent frequently left B.A.S. with the petitioner when she lived in Italy. *Saada III* at *2, n. 4. To emphasize the point that Mr. Saada posed no direct threat to the Child, the Court stated that "B.A.S.'s return to Italy is not necessarily contingent on the respondent also living there." *Id.*

It has also rejected Ms. Golan's arguments regarding the possibility of Mr. Saada not complying with the Italian order since "[t]he petitioner cooperated with the 2017 Italian Social Services investigation that was prompted by one of the respondent's calls to the Italian police. There is no evidence that he obstructed or refused to participate in the investigation; rather, the record shows that the petitioner participated in multiple interviews by himself and with the respondent." *Saada III* at *4. B.A.S.'s safety will be ensured by the Italian courts and ameliorative measures in place.

"Second, consideration of ameliorative measures should abide by the Convention's requirement that courts addressing return petitions do not usurp the role of the court that will adjudicate the underlying custody dispute." *Golan*, 142 S. Ct. at 1894. In the instant case, the Italian court issued provisional orders that did not give finality to any custody determination. [ECF No. 96-1]. The Italian court gave provisional physical custody to Ms. Golan, supervised visitation to Mr. Saada and authority over the Child to the Italian social services. *Id*. This was accomplished by joint application by the parties spurred by this Court's directive, but this Court did not direct the Italian courts to make any specific determination and certainly did not direct that there be a final or "permanent" custody determination. [ECF No. 69]. In fact, the Italian courts went above and beyond what this Court had directed the parties to seek. The Italian custody proceeding is active and ongoing, and the Italian court will continue to exercise its authority regarding the parties' custody dispute if B.A.S. is returned.

"Third, any consideration of ameliorative measures must accord with the Convention's requirement that courts 'act expeditiously in proceedings for the return of children.'" *Golan*, 142 S. Ct. at 1894. In the instant case, all the measures necessary to ensure B.A.S.'s safety are already in place except for the payment from Mr. Saada to Ms. Golan, which can be accomplished quickly and

will not cause any further delay.

      The Supreme Court's decision did not alter this Court's prior findings and does not change the ameliorative measures that have been in place in Italy since December 2019. This Court has consistently found that B.A.S. can be safely returned to Italy and his return should once again be ordered with no further delay. The Court should exercise its discretion to direct the immediate return of B.A.S. to Italy.

      Respectfully Submitted,

      Richard Min, Esq.

cc:    All counsel of record (via ECF)