UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                              :

**ISACCO JACKY SAADA**,
                                            :

                          Petitioner,
                                            :

                                            :   **ORDER ADOPTING REPORT**

                          **AND RECOMENDATION IN**

        – against –                                  :   **PART AND RESERVING**

                          **DECISION IN PART**

**NARKIS ALIZA GOLAN**,
                                            :

                                            :   18-CV-5292 (AMD) (RML)

                         Respondent.
                                            :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

        Before the Court are the parties' objections to the Honorable Robert M. Levy's January

23, 2023 Report and Recommendation. For the reasons that follow, I adopt Sections III, IV, V

and VI of Judge Levy's thorough and meticulously reasoned Report and Recommendation; I

reserve decision on Sections I and II.

## BACKGROUND[1]

        Familiarity with the facts is assumed. In 2018, the respondent, the mother of the minor

B.A.S., abducted him from Italy and brought him to New York. On September 20, 2018, the

petitioner, B.A.S.'s father, brought a petition pursuant to the Hague Convention on the Civil

Aspects of International Child Abduction, as implemented by the International Child Abduction

Remedies Act ("ICARA"), 22 U.S.C. §§ 9001, *et seq*. After a nine-day bench trial in early 2019,

I found that B.A.S. was a habitual resident of Italy, and that while he would be subject to grave

risk of harm upon repatriation arising from domestic violence between his parents, there were

sufficient measures that would ameliorate the risk. *Saada v. Golan*, No. 18-CV-5292, 2019 WL

---

[1] A more complete factual and procedural history of this case before September 2022 is described in my
August 31, 2022 order. *Saada v. Golan*, No. 18-cv-5292, 2022 WL 4115032, at *2-4, (E.D.N.Y. Aug
31, 2022) ("*Saada VII*").

1317868, at *20 (E.D.N.Y. Mar. 22, 2019) ("*Saada I*").  As described more fully in the August

31, 2022 order, the *Saada I* decision went through multiple rounds of appellate review,

culminating in the Supreme Court's June 2022 decision holding that the Second Circuit could not

require district courts to consider ameliorative measures after a grave risk finding, but that

district courts could do so as a matter of discretion.  *Golan v. Saada*, 142 S. Ct. 1880, 1895

(2022).  The Court remanded the case so that I could clarify whether I would have considered

ameliorative measures as a matter of discretion, and to "determine whether the measures in

question are adequate to order return in light of its factual findings concerning the risk to B.A.S."

*Id.* at 1895-96.

On August 31, 2022, using the Supreme Court's framework, I granted the petition for a

third time and ordered that B.A.S. be returned to Italy.  *Saada VII*, 2022 WL 4115032, at *1.

The respondent appealed that order to the Second Circuit.  (ECF No. 163.)  While the appeal was

pending, the respondent passed away unexpectedly on October 18, 2022.[2]  Two days later, on

October 20, 2022, apparently without any contact with the petitioner, the respondent's sister,

Morin Golan, filed an *ex parte* petition in King's County Family Court (the "Family Court,")

seeking custody of B.A.S.  (ECF No. 174-2 at 2-11.)  In particular, she stated that she wished "to

have full custody of [B.A.S.]," and was "filing for emergency custody of the child, to allow more

time to figure out the future and allow the child to process the recent traumatic events[.]" (ECF

No. 174-2 at 6-7.)  Although the Family Court judge was aware of the existence of this

proceeding and of the existing orders of the Italian Court, it did not contact Italian authorities as

required by New York Domestic Relations Law § 76-c.  Instead, it granted temporary custody to

Morin Golan, issued a protective order against the petitioner, and appointed the Children's Law

---

[2] The petitioner was in Italy when Ms. Golan passed away, but has repeatedly expressed his willingness
to relocate to New York during the pendency of these proceedings. (ECF Nos. 165 at 1, 188 at 7.)

Center ("CLC") to represent B.A.S. in connection with the Family Court proceedings.  (ECF Nos. 168 at 8-9, 190-3, 190-6.)[3]

On November 10, 2022, the Second Circuit dismissed the respondent's appeal as moot, vacated the August 31, 2022 return order, and remanded the petition "with confidence" that this Court would "expeditiously address the Hague Convention petition in light of the changed circumstances."  *In re B.A.S.*, 2022 WL 16936205, at *1.  The Second Circuit also directed the Court to "entertain any motions for intervention or substitution of parties."  *Id.*

On November 16, 2022, Morin Golan moved to intervene in this matter pursuant to Federal Rule of Civil Procedure ("FRCP") 24.  (ECF No. 172.)  CLC followed suit on November 30, 2022, seeking in the alternative to be appointed as B.A.S.'s guardian ad litem.  (ECF Nos. 173, 174.)  On December 8, 2022, the petitioner moved to substitute Morin Golan as a respondent pursuant to FRCP 25, or to amend the petition under FRCP 15(a)(2) to add her as a respondent.  (ECF No. 178.)  The petitioner opposed CLC's motion to intervene.  (ECF No. 179.)  In a separate submission, the petitioner moved to vacate the Family Court orders and to transfer B.A.S. to his care in New York during these proceedings.  (ECF No. 178.)

On December 4 and 20, 2022, I referred the motions to Magistrate Judge Robert M. Levy.  In his January 23, 2023 Report and Recommendation, Judge Levy recommended that I deny the motions for substitution and intervention, but grant the petitioner's request to amend the petition to add Morin Golan as a respondent and to vacate the Family Court orders.  (ECF No. 187 at 1.)  In addition, Judge Levy recommended that the petitioner's request for temporary custody of B.A.S. during the pendency of these proceedings be referred to the Italian court.  (*Id.*)

---

[3] As of January 12, 2023, B.A.S. is represented in the Italian proceedings by "Curatore Speciale Del Minore," Alessandro Simeone.  (*See* ECF No. 190-1 at 6.)

On February 6, 2023, Morin Golan, CLC and the petitioner filed objections to Judge Levy's report and recommendation.  (ECF Nos. 188, 189-11, 191.)  For the reasons below, I adopt Judge Levy's Report and Recommendation in part, and reserve decision on whether to vacate the emergency orders of the Family Court and grant the petitioner temporary custody, because the parties cite facts in their objections that were not before Judge Levy.[4]

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [R&R] only for clear error."  *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)).  The district judge must evaluate proper objections de novo and "may accept, reject, or modify the recommended disposition."  Fed. R. Civ. P. 72(b)(3).

"[E]ven in a de novo review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'"  *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (alterations omitted)).  Moreover, "the district court

---

[4] Morin Golan and CLC object to Judge Levy's report and recommendation to the extent it forecloses additional fact finding on the risk of grave harm B.A.S. may face upon repatriation to Italy. (ECF No. 191 at 20-30, ECF No. 189-11 at 19-28.)  Since neither party has been formally added to this action, I do not entertain their arguments regarding the merits of the petition at this time.  And as explained below, I adopt Judge Levy's recommendation to deny CLC's motion to intervene, and to be appointed guardian ad litem for B.A.S.

is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)); *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2011) (where no timely objections have been made to a report and recommendation, the "court need only satisfy itself that there is no clear error on the face of the record" (internal quotation marks and citation omitted)).

## DISCUSSION

**I.    Motions to Vacate the Kings County Family Court Orders and Award the Petitioner Temporary Custody of B.A.S.**

Judge Levy recommended that I grant the petitioner's motion to vacate the Family Court order placing B.A.S. in the "care" of Morin Golan, as well as the order of protection preventing the petitioner from seeing his son, because the orders contravene the Hague Convention.  (ECF No. 187 at 4-7.)  He also recommended that I refer the issue of B.A.S.'s custody during the pendency of these proceedings to the Italian courts.  (*Id.* at 7-9.)  Morin Golan and CLC object, claiming that vacating the Family Court orders would create a legal vacuum while the return petition is pending.  (ECF Nos. 191 at 13-15, 189-11 at 29.)  They also characterize the Family Court orders as non-custodial, and thus not in violation of the Hague Convention. (*Id.*)  In light of recent developments, including in the Italian courts, which post-date Judge Levy's Report and Recommendation, I reserve judgement on the vacatur of the Family Court orders and temporary custody of B.A.S. pending a conference with the petitioner and Morin Golan, which will be scheduled in a separate order.

**II.   Motions to Substitute or Amend the Petition**

Judge Levy recommended that I deny the petitioner's motion to substitute Morin Golan as a respondent.  (ECF No. 187 at 9.)  Judge Levy observed that "Narkis Golan's interest in defending against the Petition was extinguished upon her death; therefore, her estate does not have an interest in this case," and concluded that Morin Golan could not be substituted as a party under FRCP 25 for this reason.  (ECF No. 187 at 10-11.)[5]  The petitioner does not object to Judge's Levy recommendation that I deny his substitution motion.

Instead, Judge Levy recommended that I grant the petitioner leave to amend the petition pursuant to FRCP 15(a) to add Morin Golan as a respondent, because the amendment was in the interests of justice, and would not cause undue delay or prejudice, (ECF No. 187 at 12-13,) a recommendation to which Morin Golan does not object.  (ECF No. 191 at 22.)  Finding no clear error in this analysis, I adopt Judge Levy's recommendation that the petitioner's motion for substitution be denied, and that the motion to amend be granted.

## III.   Motions to Intervene

### a.      Morin Golan

Judge Levy recommended that I deny Morin Golan's motion to intervene pursuant to FRCP 24 because Morin Golan had not claimed an interest that was "direct, substantial, or legally protectable" in the context of this action, and thus did not meet the requirements for either permissive intervention or intervention as of right.  (ECF No. 187 at 15-16.)  Citing her role as B.A.S.'s primary caretaker since the respondent's death, Morin Golan argues that

---

[5] In response to the Second Circuit's Order to Show Cause upon the death of the respondent, her attorneys agreed that "because [Narkis] Golan is deceased, she lacks a legally cognizable interest in the outcome' of this case," and thus that a court could not "grant any effectual relief—either for or against her."  *See In re B.A.S.*, No. 22-1966, ECF No. 137-1 at 2 (2d Cir. Nov. 4, 2022) (internal quotation marks and citations omitted).

adopting this part of Judge Levy's recommendation would deny her the opportunity to be heard on the ultimate resolution of the petition.  (ECF No. 191 at 27.)

I agree with Judge Levy's conclusion that Morin Golan has not established that she should be permitted to intervene either as of right or permissibly.  In any event, since I adopt Judge Levy's recommendation to grant the petitioner's motion to amend the petition to add Morin Golan as a respondent, her motion to intervene is moot.  *See Meyer v. Kalanick*, 291 F. Supp. 3d 526, 531 (S.D.N.Y. 2018) (observing that a motion to intervene became moot when the Court granted the defendant's fully-briefed motion to join the proposed intervener in the action); *Absolute Nevada, LLC v. Grand Majestic Riverboat Co., LLC*, No. 19-CV-11479, 2022 WL 17669429, at *10 (S.D.N.Y. Dec. 14, 2022) ("Since [the proposed intervenor] became a party to this action upon being properly served [by the plaintiff], his subsequent motion to intervene would ordinarily be moot.").  Once the petitioner amends the petition, Morin Golan will be a party to this action, and will have the same opportunity to be heard as the petitioner.  As a procedural matter, it does not matter whether Morin Golan is added to this action by way of amendment, intervention or substitution.

**b.     B.A.S./Children's Law Center**

Judge Levy recommended that I deny CLC's motion to intervene on behalf of B.A.S. as untimely, and because Morin Golan can adequately represent B.A.S.'s interests in the proceedings regarding the petition.  (ECF No. 187 at 17-22.)  Judge Levy concluded that allowing CLC's permissive intervention under FRCP 24(b) would be prejudicial to the petitioner because it would cause further delay, and would not otherwise "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."  (*Id.* at 21.)  I adopt this recommendation in its entirety.

7

CLC objects, arguing that its motion to intervene was timely, and that Morin Golan will

not be able to represent B.A.S.'s interests fully, since she will probably not go with B.A.S. to

Italy.  (ECF No. 189-11 at 3, 13.)  As Judge Levy explained, "[t]o prevail on a motion for

intervention as of right, a movant must '(1) timely file an application, (2) show an interest in the

action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4)

show that the interest is not protected adequately by the parties to the action.'"  *In re NYC*

*Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022) (quoting *"R"*

*Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)).  The

Second Circuit has emphasized that a "failure to satisfy any one of these four requirements is a

sufficient ground to deny the application."  *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d

Cir. 2014) (internal quotation marks and citations omitted).

Judge Levy determined that Morin Golan's and B.A.S.'s interests diverge only in the

event he is returned to Italy (ECF No. 187 at 22,) where B.A.S. is already represented by

counsel.  (ECF 174-12 at 2.)  Accordingly, Judge Levy concluded Morin Golan could adequately

represent B.A.S.'s interests during the pendency of the proceedings in this country. (*Id.*)  CLC

argues that if allowed to intervene, it could introduce evidence of the grave risk of harm B.A.S.

may face upon repatriation to Italy, particularly because of his autism diagnosis, but does not

explain how that evidence is different from what Morin Golan intends to argue.  (ECF Nos. 189-

11 at 17-18, 191 at 15-17.)  Thus, I agree with Judge Levy that CLC has not demonstrated that its

intervention in this action will contribute to the development of underlying factual issues, or that

Morin Golan or B.A.S.'s counsel in Italy cannot protect B.A.S.'s interests.[6]  For the same

---

[6] CLC objects to Judge Levy's recommendation that I deny its motion to be appointed guardian ad litem.
 (ECF No. 189-11 at 23.)  As explained above, the Court finds that Morin Golan will sufficiently

8

reasons, I adopt Judge Levy's recommendation that I deny its motion to be appointed guardian ad litem, (ECF No. 189-11 at 23), over CLC's objections.[7]

Judge Levy's conclusions regarding the timeliness of CLC's motion to intervene are also well-founded.  The Second Circuit instructs that "the timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." *Floyd*, 770 F.3d at 1058 (internal quotation marks and citations omitted).  "Factors to consider in determining timeliness include: (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." *Id.* (internal quotation marks and citations omitted).

The Supreme Court and the Second Circuit directed me to reach a final decision in this litigation as "expeditiously" as possible.  *See Golan*, 142 S. Ct. 1880 at 1896, *In re B.A.S.*, 2022 WL 16936205, at *1, something I have endeavored to do since this litigation began.  Permitting CLC to intervene at this late stage would delay the resolution of "a proceeding that has already spanned years longer than it should have," *Golan*, 142 S.Ct. at 1896, without any corresponding benefit.  Accordingly, I adopt Judge Levy's recommendation to deny CLC's motion to intervene, or to be appointed guardian ad litem.

---

represent B.A.S.'s interests during the pendency of this petition, and that B.A.S.'s appointed counsel in Italy will adequately represent his interest in that jurisdiction, in the event the petition is granted.

[7] The CLC has not "establish[ed] the substantial probability of a conflict of interest and need for protection necessary to warrant the appointment of a guardian ad litem."  *Hilpert v. City of New York*, No. 94-CV-1662, 1997 WL 139531, at *3 (S.D.N.Y. Mar. 27, 1997) (internal citations omitted.)  As explained above, the Court finds that Morin Golan will sufficiently represent B.A.S.'s interests during the pendency of this petition, and that B.A.S.'s appointed counsel in Italy will adequately represent his interest in that jurisdiction, in the event the petition is granted.

**CONCLUSION**

For these reasons, I adopt Judge Levy's well-reasoned Report and Recommendation in part, and reserve decision in part. The petitioner's motion to amend the petition and add Morin Golan as a respondent is granted. The petitioner's motion to substitute Morin Golan as a respondent, and the motions by the Children's Law Center and Morin Golan to intervene are denied. The Court defers ruling on the petitioner's motion to vacate the orders of the Kings County Family Court and requesting temporary custody over B.A.S. during the pendency of these proceedings.

**SO ORDERED.**

                                          s/Ann M. Donnelly
                                    _____
                                    ANN M. DONNELLY
                                    United States District Judge

Dated:  Brooklyn, New York
        February 13, 2023