# GREEN KAMINER MIN & ROCKMORE LLP

**Manhattan**
420 Lexington Ave., Ste 2821
New York, New York 10170
T. 212.681.6400

**Long Island**
600 Old Country Rd., Ste. 410
Garden City, New York 11530
T. 516.858.2115

April 11, 2023

**Via ECF**

Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

   Re: *Saada v. Golan*
      Case No. 18-CV-05292

Dear Judge Donnelly:

   We write regarding B.A.S.'s court ordered evaluation. On April 6, 2023, we received an email from Francyne Zeltser, the clinical director of psychology services at Dr. Surowiec's office stating:

> In preparation of supporting Dr. Karen Surowiec in moving forward with the evaluation in this case, last night for the first time, it came to my attention that I have a distant social connection to the partner of Michael Banuchis. I recognized that Richard Min has a mutual friend with my husband.
>
> In my role as Director of Psychological Services at MPG, I oversee all testing operations, including Dr. Surowiec's evaluations. Please consider this information, notify Judge Donnelly of this issue, and let me know if this impacts our ability to move forward with the evaluation.

   Ms. Zeltser's husband is a friend of one of Mr. Min and Mr. Banuchis' friends from law school.[1] She recognized Mr. Min in researching the attorneys related to the case. Mr. Min has met Ms. Zeltzer on limited occasions socially, the last time at the mutual friend in question's birthday party last year.[2]

   Mr. Banuchis initially found the Manhattan Psychology Group by researching potential

---

[1] Mr. Banuchis believes he met Ms. Zeltser's husband socially in passing sometime around 2007-2008 while in law school but has never met Ms. Zeltzer.

[2] Mr. Min has met Ms. Zeltzer on other occasions but has no specific recollection of such a meeting.  It would be safe to assume, however, that they have met before at the mutual friend's wedding or at an occasional attendance at the friend's child's birthday party.

evaluators on the internet after receiving the Court's order. Upon request, we forwarded Ms. Hellmann our correspondence with Dr. Surowiec's office.  Copies of those emails are annexed hereto.

After the initial emails between Mr. Banuchis and a person named Ryan Marks, Ms. Zeltser and Dr. Suroweic were cc'ed into the email chain.  Mr. Min was then cc'ed as well.  Mr. Min did not recognize Ms. Zeltser as an acquaintance and apparently Ms. Zeltser also did not recognize Mr. Min until she saw a photo of Mr. Min last week while researching the attorneys.  A copy of an email from Ms. Zelster is annexed hereto.

When asked by Ms. Hellmann what Ms. Zeltser's role would be, Ms. Zeltser stated:

> For this case, my involvement would be limited to supporting scheduling and coordination. Clinically, Dr. Surowiec functions independently. I am available to all clinicians for consultation, as needed.

Petitioner's position is that the evaluation should be completed as soon as possible but note that if the Court wishes to choose a different evaluator due to the above circumstances, we of course have no objection. We do not, however, believe that the connection is substantial enough to create a conflict, but of course we defer to the Court.

Respondent's position is as follows: Like petitioner, respondent has no objection if the Court wishes to choose a different evaluator.  The fact that there appears to be a personal relationship of some kind between petitioner's counsel and the evaluating clinic gives respondent discomfort.  If the Court is satisfied that that neither the assessment process nor Dr. Surowiec's medical evaluation will be impacted by such relationship, however, Respondent of course will respect the Court's decision.

Respectfully Submitted,

Michael Banuchis

cc:     All counsel of record (via ECF)